Argued and submitted December 11, 2000, affirmed August 22, 2001

In the Matter of the Revocation of
the Driving Privileges of
TIMOTHY LEE McNUTT,
*Appellant,*

*v.*

DRIVER AND MOTOR VEHICLE
SERVICES DIVISION (DMV),
*Respondent.*

99C-12784; A109284

31 P3d 1087

Jon F. Strock argued the cause and filed the brief for appellant.

Christina M. Hutchins, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Landau, Presiding Judge, and Linder and Brewer, Judges.

LANDAU, P. J.

## LANDAU, P. J.

Petitioner appeals a circuit court judgment affirming a final order of the Driver and Motor Vehicle Services Branch of the Oregon Department of Transportation (DMV) retroactively increasing the period of revocation of his driving privileges from five to eight years, pursuant to ORS 809.410(1). We affirm.

The facts are not in dispute. On October 6, 1992, petitioner was convicted of criminally negligent homicide and driving under the influence of intoxicants arising out of an incident involving his operation of a motor vehicle. He was sentenced to 36 months' probation. In accordance with the version of ORS 809.410(1) in effect at the time, DMV revoked his driving privileges for five years.

Meanwhile, in 1995, the legislature amended ORS 809.410(1). Among other things, the amendments increase the period of revocation from five to eight years. Under the amendments, if a person's sentence does not include incarceration, the revocation period is to begin at the date of conviction, as long as the person was on probation as of the effective date of the amendments. Or Laws 1995, ch 661, §§ 1, 3. Petitioner was on probation as of the effective date of the amendments.

In 1997, DMV mistakenly reinstated petitioner's driving privileges. Thereafter, it informed him that it would continue the period of revocation until 2003, in accordance with the amended version of ORS 809.410(1). Petitioner sought administrative review, and, when the revocation was upheld, he sought judicial review. On April 16, 1999, the trial court stayed the revocation of petitioner's driving privileges pending the outcome of judicial review. DMV then moved for summary judgment in its favor, and the trial court granted the motion.

On appeal, petitioner first argues that the dispute is "moot," in the sense that the eight-year revocation period already has run. According to petitioner, the eight-year revocation period runs from the date of his original revocation, on October 6, 1992. That means, he argues, the eight-year

revocation period ran as of October 6, 2000. DMV responds that the period of revocation in fact has not run, because the trial court stayed the revocation period during the pendency of judicial review. In support of that argument, DMV cites ORS 809.440(2)(f), which provides:

> "If the suspension or revocation [of driving privileges] is upheld on review by a court, the suspension or revocation shall be imposed for the length of time appropriate under the appropriate statute except that the time shall be reduced by any time prior to the determination by the court that the suspension or revocation was in effect and was not stayed."

We agree with DMV. ORS 809.440(2)(f) expressly contemplates that the trial court has the authority to stay the effect of the revocation period and that the period of time during which the revocation period is stayed is not to be included in calculating its duration. We therefore reject petitioner's argument that the revocation period already has run.

Petitioner next raises a number of constitutional challenges to the retroactive application of the 1995 amendments to ORS 809.410(1), based on common-law estoppel, state and federal *ex post facto* prohibitions, and state and federal double jeopardy clauses. We have rejected each of those arguments in *Mannelin v. DMV*, 176 Or App 9, 31 P3d 438 (2001). Petitioner also contends that the retroactive application of the statute violated his substantive and procedural due process rights. We reject those arguments without discussion.

Affirmed.